Judge Haggin
delivered the opinion of the Court.*
Deerinc- bled his bill in the Greenup circuit court, alleging, that several executions having issued against him, he prevailed upon Ward to become his security in replevying them for one year, agreeing to indemnify him by a lien upon his only negro man; that he accordingly executed to Ward an absolute bill of sale, and likewise, at the particular suggestion of Ward, a note for sixty dollars, as the hire of the boy for that year; that he had satisfied the replevy bonds, but Ward had, after the expiration of the year, obtained possession of the boy, and detained him, with the papers; praying that they should be surrendered, &c.
Ward answered with great circumspection. In all form, he denied that the conditions, limitations and restrictions were as stated, or that he was to be put to the due course of law for his indemnity, if he should be compelled to pay the money; and proceeds to state, that the complainant applied to him to become his security; he hesitated; the complainant then said he would sell anything he had, to’payhis debts. Ward proposed to purchase the boy, but the complainant refused to sell him; and then it was agreed, that he would become one of the replevin securities of Deer-ing, and if the complainant would release him in six or eight months, the bill of sale to be executed by Deering, should be void; otherwise, Ward should pay §400, and keep the slave; adding, moreover, that the complainant failed to perfect the release in the time stipulated, and he, therefore, made arrangements to pa;/ the money; but the complainant interfered and discharged the bonds himself. He claims the boy.
The circuit court decreed a cancelrnent of the na- , T1r j , . . * pers, and Ward prosecutes to this court.
The testimony establishes the transaction substantially as alleged by the bill, and the doctrine of estop-is the matter of reliance to reverse the decree,
It is contended that the writings conclude the parties, and that the transaction must be considered by this court as an absolute sale and hiring. If this defence *10 prevails, there must be, to say the least of it, a great defect °f justice, and the fault may not be imputable to the complainant. It is believed, that the legal intelligence of the State, at the time of the execution of thes‘6 writings, would have united in the assurance to Deer» ing, that by doing so he would not compromit his right to redeem. The court of appeals of Virginia so decided in the case of Ross and JYorvell, reported in 1st Washington. It has been a leading case in Virginia and Kentucky, ever since the year 1701, under the iti-iiuence of which,- numerous cases have been determin- and immense estates have been gained or lost. An uniform course ot adjudication, exceeding thirty years, should not be lightly overruled- It cannot fail to pro» duce hardship, if not essential injustice.
Where the facts appear swer^the" question of the admissibility of parol prove the condition, docs not arise
Where it a - pears^from^ the answer, that the com-5,£n, X Sdant i he become that The^bill of sale was executed ro]thunder-Pa' standing'that if the debt complainant in a given shouid^be*1^0 void; otherwise,’the defend’t should sale be absolute, the transaction is fhmi°ghStfe’ debt was not paid by the «l^aftefthe" timó had expired.
Loughborough, for plaintiff; Triplett, for defendant.
We ^ave madc some examination of authorities on this subject, and find a diversity, it is true; but they are numerous and respectable, to prove that this should be considered as a case of trust; to prove which, parol testimony is admissible. Sanders on Uses, 178; 1 Maddox 356, 412; 2 Mad. 107.
And we apprehend that some of the English decisions opposition, are predicated upon the statute of frauds and perjuries, of that country. Our statute is certainly inapplicable. It is buj the ease of a promise, express or *mP^ecb touching personalty.
But our respect for the legal attainments of the court which decided the case of Thompson qnd Patton, creates upon this question; and we are not prepared to sa7 that they are incorrect in the views which they have so nor is it at
the answer °f Ward, distinctly expressed, verified ky his solemn affirmation, and regularly made of record, he acknowledges that the transaction was not one 0f a bargain and sale; but a securityship and indem-£*eering even refused to make a sale. It is true, the answer charges that he was to be exonerated in six or nine months, and on failure, that he was to have the ^°7 a<- f4°0, to be paid on the executions. Say all this is unquestionably true, and still it is but the case of a mortgage. The mortgagee sustained, from his own sh°w'ng>no damage. He has been forever exon» orated; and it was but an act of justice, to surrender the affirmed with costs.

 Absent, Ch. J. Barry.